```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
_____
                              )
LINWOOD A. WILLIAMS, JR.,     )
                              )
        Plaintiff,            )
                              )
     v.                       )    Civil Action No. 08-1538 (RWR)
                              )
COURT SERVICES AND OFFENDER   )
SUPERVISION AGENCY FOR D.C.   )
et al.,                       )
                              )
        Defendants.           )
_____)
```

## MEMORANDUM OPINION

Pro se plaintiff Linwood A. Williams, Jr. has sued the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA") and its former director, associate director, and branch chief alleging sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964. The defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Williams failed to timely file his complaint. Because Williams failed to timely file his complaint and no equitable relief from that failure is warranted, the defendants' motion to dismiss will be granted.[1]

---

[1] The defendants have also moved to dismiss under Rule 12(b)(5) claiming that Williams failed to name and serve properly the individual defendants in their individual capacities. Those issues need not be addressed given the disposition of the motion under Rule 12(b)(6).

BACKGROUND

Williams served as a Supervisory Community Supervision Officer with CSOSA. (Compl., Ex., Initial Decision at 1-2.) After several years of employment, Williams began to file what he termed whistleblower complaints against the agency, alleging various violations of federal law. Williams alleges that after he filed his complaints, the defendants denied him performance awards, assigned him duties inconsistent with his experience and grade, and placed him on a Performance Improvement Plan. (Compl. at 3.) CSOSA issued a notice proposing Williams' removal and later terminated him. (Id., Ex., Initial Decision at 3-4.) Williams appealed his termination to the Merit Systems Protection Board ("MSPB"), raising several affirmative defenses including gender discrimination and retaliation. (Id., Ex., Initial Decision at 4.) An MSPB administrative judge affirmed the agency action. (Id., Ex., Initial Decision at 1.) Williams then petitioned the full MSPB board to reconsider the administrative judge's decision. The full board denied his petition on June 20, 2008. (Id., Ex., Final Order at 1-2.)

The order denying the petition notified Williams that he could file a civil action in a United States district court against the agency, and that if he chose to pursue such an action, 5 U.S.C. § 7703(b) required him to file a complaint "no later than 30 calendar days after [his] receipt of this order."

(Id., Ex., Final Order at 2.)  Williams alleges that he received the order on June 27, 2008.  (Pl.'s Mem. of Law in Supp. of Pl.'s Opp'n to Def.'s Mot. to Dismiss the Compl. ("Pl.'s Mem.") at 3.)  On July 28, 2008, he filed in this court an improperly formatted civil complaint and a petition to proceed in forma pauperis ("IFP"), which was denied on August 5, 2008.  (Id. at 5, Ex. 1, Ex. 4.[2])  Williams filed a proper complaint on September 4, 2008 and paid the filing fee on September 5, 2008.  (Id., Ex. 5.)  The defendants have filed a motion to dismiss, arguing that Williams failed to timely file his complaint.[3]  (Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss the Compl. at 8.)

## DISCUSSION

In considering a motion under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff, Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002), and "the court must assume the truth of all well-pleaded allegations." Warren v. Dist. of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004).  To determine if a complaint has failed to state a

---

[2] Although the exhibits attached to Williams' opposition are not attached to or referred to in the complaint, considering them will not convert the motion under Rule 12(d) to one for summary judgment because they are judicially noticeable public documents. See Savage v. Scales, 310 F. Supp. 2d 122, 129 n.8 (D.D.C. 2004).

[3] Williams filed a motion for an extension of time to supplement his response to the defendants' motion to dismiss. That motion will be granted nunc pro tunc.

claim, a court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [a court] may take judicial notice." EEOC v. Saint Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). Pro se plaintiffs are afforded leniency, and a court "must make a concerted effort to discern a cause of action from the record presented if an action is in fact discernable." Howerton v. Ogletree, 466 F. Supp. 2d 182, 183 (D.D.C. 2006).

Employees may file a "mixed case appeal" to the MSPB by combining an appeal of an adverse personnel action with a claim that discrimination motivated the action. Butler v. West, 164 F.3d 634, 638 (D.C. Cir. 1999); 5 U.S.C. § 7702(a)(2). "[W]ithin thirty days of receiving a final decision from the MSPB," a complainant may "appeal the entire claim (or any parts thereof) to the appropriate district court."[4] Butler, 164 F.3d at 639

---

[4] A 1991 amendment to the Civil Rights Act of 1964 changed the period for a federal employee to file suit in district court after an adverse EEOC decision from thirty to ninety days but did not alter § 7703(b)'s thirty-day filing period after an adverse MSPB decision. See P.L. 102-166. One court in this district noted that the amendment "created a procedural anomaly that [Congress] likely did not intend" but found it unnecessary to reach the conclusion that the ninety-day period applied to both EEOC and MSPB appeals. Becton v. Pena, 946 F. Supp. 84, 85-86 (D.D.C. 1996); see also Nunnally v. MacCausland, 996 F.2d 1, 3 n.3 (1st Cir. 1993) ("[I]n 1991, when Congress increased from 30 to 90 days the time allotted for judicial review under 42 U.S.C. § 2000e-16(c), it simply assumed that the new time limits would apply to all federal employees with Title VII claims against the federal government."). The thirty-day period is clear and unequivocal on its face, and resort to the legislative history to resolve the procedural anomaly is disfavored. See Lamie v. U.S.

(citing 5 U.S.C. § 7703(b); 5 C.F.R. § 1201.175; 29 C.F.R. § 1614.310(b)). The time period is tolled when a pro se plaintiff files a complaint and motion to proceed IFP with the Clerk's Office, but it resumes running if the motion is denied. Baker v. Henderson, 150 F. Supp. 2d 17, 21 (D.D.C. 2001); Simmons v. Dennison, Civil Action No. 90-1885 (MB), 1991 WL 148544, at *1 (D.D.C. July 17, 1991).

The D.C. Circuit held in King v. Dole, 782 F.2d 274, 275-76 (D.C. Cir. 1986), that the thirty-day period in § 7703(b)(2) is not subject to equitable tolling. However, in the Title VII case of Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990), the Supreme Court stated that deadlines for filing actions against the federal government are presumptively subject to equitable tolling. While the D.C. Circuit has not yet reconsidered in the wake of Irwin its holding in King, many circuits have held that the filing period for mixed-review cases is now subject to equitable tolling because § 7703(b)(2) by its

---

Tr., 540 U.S. 526, 534 (2004) ("It is well established that 'when the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms.'" (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000))); United States v. Oregon, 366 U.S. 643, 648 (1961) (finding no need to resort to the legislative history of statutory language that was clear and unequivocal on its face). Moreover, Congress has not since amended the provision, even in light of regulations promulgated after 1991 that reaffirm the thirty-day period. See James v. United States, 888 F. Supp. 944, 947-48 (S.D. Ind. 1995). Therefore, the thirty-day period will be applied here.

text incorporates 42 U.S.C. § 2000e-16(c), the Title VII filing deadline that <u>Irwin</u> held to be subject to equitable tolling. <u>See, e.g.</u>, <u>Montoya v. Chao</u>, 296 F.3d 952, 956-57 (10th Cir. 2002); <u>Nunnally v. MacCausland</u>, 996 F.2d 1, 4 (1st Cir. 1993); <u>Williams-Scaife v. Dep't of Def. Dependent Schs.</u>, 925 F.2d 346, 348 (9th Cir. 1991).[5] In light of <u>Irwin</u>, therefore, it appears that a plaintiff who does not timely file his civil action under § 7703(b)(2) may demonstrate that the circumstances are appropriate for equitable tolling of the deadline. <u>See</u> <u>Becton</u>, 946 F. Supp. at 87 (noting that a "court has the option of extending the time limitation period in § 7703(b)(2) by . . . applying the equitable tolling doctrine").

"The claim of untimeliness is an affirmative defense that must be pled by the defendant. The plaintiff shoulders the burden, however, of proving facts which support a ruling that he may equitably avoid the consequences of his untimeliness." <u>Tyler v. Henderson</u>, Civil Action No. 00-60 (RWR), 2001 WL 194930, at *4 (D.D.C. Feb. 22, 2001) (internal citation omitted). To invoke a court's power to toll a limitations period, a plaintiff must demonstrate extraordinary circumstances. <u>Strong-Fischer v.</u>

---

[5] <u>But see</u> <u>Dean v. Veterans Admin. Reg'l Office</u>, 943 F.2d 667, 670 (6th Cir. 1991) (reasoning that § 7703(b)(2) does not incorporate the provisions of Title VII that <u>Irwin</u> held were subject to equitable tolling because § 7703(b)(2) applies "[n]otwithstanding any other provision of law"), <u>vacated and remanded on other grounds</u>, 503 U.S. 902 (1992).

Peters, 554 F. Supp. 2d 19, 24-25 (D.D.C. 2008).  A pro se plaintiff seeking to invoke equitable tolling is not relieved of the burden to make this showing.  See Wilkins v. Daley, 49 F. Supp. 2d 1, 2-3 (D.D.C. 1999).

Equitable tolling is appropriate where a plaintiff can demonstrate that he acted diligently to preserve his claim.  See Koch v. Donaldson, 260 F. Supp. 2d 86, 90 (D.D.C. 2003).  In Cox v. Consol. Rail Corp., 557 F. Supp. 1261, 1263 (D.D.C. 1983), the plaintiff filed a complaint alleging a violation of Title VII within the requisite ninety-day time period, but the Clerk rejected the complaint for failure to comply with the local rules requiring that the complaint be signed by counsel, include the residence of the plaintiff, and include a caption describing the nature of the action.  On the same day that the plaintiff filed the defective complaint, he mailed to the defendant and the defendant's counsel a copy of the complaint, which was "virtually identical to that eventually accepted by the Clerk[.]"  Id. at 1263-64.  The plaintiff filed his properly drafted complaint six days late, but the court equitably tolled the filing deadline on the ground that the defendant had not been prejudiced by the delay because the defective complaint provided adequate timely notice of the plaintiff's claims to the defendant.  Id.  In Baker, 150 F. Supp. 2d at 20, a pro so plaintiff filed with the Clerk's Office a motion to proceed IFP before her ninety-day

filing period expired.  The court denied the plaintiff's motion three months later but misplaced the file and did not send her notice of the denial.  One month later, the plaintiff visited the courthouse to ask about the status of her request, and the Clerk's Office located her file and informed her that the court had denied her request.  The plaintiff paid the filing fee and filed her complaint seven days after receiving notice from the Clerk's Office, and the court equitably tolled the filing deadline on the ground that the plaintiff had diligently pressed the action.  Id. at 22.

Here, Williams filed a motion to proceed IFP on July 28, 2010, the last day of the filing period.[6]  This tolled the filing period until he received notice that leave to file was denied.  Williams implies that he received notice of the August 5, 2008 denial on September 4, 2008, citing a September 4 date stamp on that Order.  (Pl.'s Mem. at 3, 5, Ex. 4.)  However, the date stamp does not support Williams' receipt of notice on that date.  Rather, he attached a copy of the Order as an exhibit to the complaint he filed on September 4, and the Clerk's Office date stamped it as the first page of the attachment.  (See Compl., Ex.)  Because Williams provides no other evidence of when he

---

[6] Assuming that Williams received notice of the MSBP's final order on June 27, 2008 as he claims (Pl.'s Mem. at 3), the thirty-day filing period expired on July 28, 2008, not July 27, 2008, which fell on a Sunday.  See Fed. R. Civ. P. 6(a)(1)(C).

received actual notice of the denial, he is presumed to have received notice on August 8, three days after the Clerk posted the order denying leave to file. See Baker, 150 F. Supp. 2d at 21 n.3 (citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984), and earlier version of the current Fed. R. Civ. P. 6(d)). The filing period resumed running on that day and expired on August 11, 2008, since Williams filed the motion to proceed IFP on the last day of the filing period.[7]

Williams provides no explanation for why he waited an additional twenty-four days to refile his complaint. While Williams argues that "his repeated visits to the clerk['s] office for revisions of the instant complaint" demonstrate his diligence (Pl.'s Suppl. Resp. to Defs.' Mot. to Dismiss the Compl. at 3), he does not assert that he made any of these visits to the Clerk's Office between receiving notice of the August 5, 2008 denial and refiling his complaint on September 4, 2008. Unlike in Cox or Baker, where courts excused respectively six and seven-day delays in relation to a ninety-day filing period, Williams delayed for twenty-four days, taking nearly twice the statutorily allowed period to file his complaint. Cf. Brooks v. Derwinski, 741 F. Supp. 963, 964-65 (D.D.C. 1990) (equitably tolling limitations period when pro se plaintiff filed complaint one day

---

[7] August 8, 2008 fell on a Friday, so the period continued to run until the next Monday. See Fed. R. Civ. P. 6(a)(1).

after the expiration of a thirty-day filing period). Also unlike in Cox, there is no evidence that Williams provided the defendants actual notice of his claim before the filing period expired. Without evidence or even an explanation that supports the notion that he diligently pressed his claim between the time the tolled filing period resumed running and the time he properly filed his complaint, Williams has not satisfied his burden to show that he should equitably avoid the consequences of his untimeliness. See Wilkins, 49 F. Supp. 2d at 2-3 (refusing to invoke equitable tolling where pro se plaintiff offered "no evidence that plaintiff acted diligently to preserve her claim"). The defendants' motion to dismiss therefore will be granted.

## CONCLUSION

Williams did not timely file his complaint, and he has failed to demonstrate an entitlement to equitable tolling, even when his filings are read with the leniency accorded a pro se plaintiff. Accordingly, the defendants' motion [7] to dismiss will be granted. An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 25th day of March, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge