**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ )<br>LINWOOD A. WILLIAMS, JR.,     )<br>      )<br>     Plaintiff,     )<br>      )<br>     v.     )<br>      )<br>COURT SERVICES AND OFFENDER   )<br>SUPERVISION AGENCY FOR D.C.,  )<br>et al.,     )<br>      )<br>     Defendants.    )<br>_____ ) | Civil Action No. 08-1538 (RWR) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pro se plaintiff Linwood A. Williams, Jr. sues the Court
Services and Offender Supervision Agency for the District of
Columbia ("CSOSA") and three agency officials alleging sex
discrimination and retaliation under Title VII of the Civil
Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Williams has moved
for appointment of counsel and to proceed *in forma pauperis*
("IFP"). Williams' motion to proceed *in forma pauperis* will be
granted because Williams qualifies for IFP status. Williams'
motion for appointment of counsel will be denied because Williams
has not demonstrated that appointing counsel is warranted.

-2-

BACKGROUND[1]

Williams served as a Supervisory Community Supervision Officer at CSOSA and alleges that the agency retaliated against him and ultimately terminated him in response to complaints that Williams filed against the agency.  Williams appealed his termination to the Merit Systems Protection Board ("MSPB"), and an MSPB administrative judge affirmed the agency action and denied Williams' petition to reconsider.  A January 9, 2012 memorandum opinion and order granted Williams' motion for reconsideration of an earlier order that had dismissed the complaint as untimely.  Discovery is now ongoing and Williams has moved for IFP status and appointment of counsel.

DISCUSSION

I.   MOTION TO PROCEED IFP

In general, courts determine whether to allow a litigant to proceed *in forma pauperis* on a case-by-case basis.  Hurt v. Social Security Admin., 544 F.3d 308, 309 (D.C. Cir. 2008) (per curiam).  *In forma pauperis* status is appropriate if a litigant demonstrates that paying for the costs of the suit would require him to give up basic necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  A litigant need not be "absolutely destitute" to qualify for IFP status.  Id.  In

_____

[1] The background of this case is set out fully in Williams v. Court Servs. & Offender Supervision Agency for D.C., 772 F. Supp. 2d 186 (D.D.C. 2011), vacated on reconsideration, 840 F. Supp. 2d 192 (D.D.C. 2012).

this case, Williams has asserted that he "does not have the money
to pay for an attorney" (Pl.'s Mot. to Appoint Counsel ("Pl.'s
Mot.") at 1) and "cannot afford to hire an attorney" (Pl.'s Reply
and Mot. for IFP status ("Pl.'s Reply") at 3).  Williams
submitted a financial affidavit that shows that his monthly
income of around one thousand dollars is far outstripped by his
debts and monthly bills.  (Pl.'s Am. Mot. to Proceed IFP, Ex. 1,
Financial Affidavit.)  These financial circumstances are
sufficient to qualify Williams for IFP status.

II.  MOTION FOR APPOINTMENT OF COUNSEL

     IFP status does not automatically entitle a litigant to
appointed counsel.  "The law is well established that there is no
constitutional right to appointment of counsel in a civil case,
and no indigent civil litigant is guaranteed counsel."  Brown v.
Children's Nat'l Med. Ctr., 773 F. Supp. 2d 125, 140 (D.D.C.
2011) (internal quotation marks and citations omitted); see also
Dantzler v. EEOC, 810 F. Supp. 2d 312, 317 (D.D.C. 2011)
(recognizing that Title VII does not create a statutory right to
appointment of counsel).  Under 28 U.S.C. § 1915, courts have
discretion to appoint counsel to represent an indigent pro se
party.  28 U.S.C. § 1915; see also 42 U.S.C.
§ 2000e-5(f)(1) (providing that "[u]pon application by the
complainant and in such circumstances as the court may deem just,
the court may appoint an attorney").  The following factors guide
the exercise of courts' discretion:

-4-

(i) the nature and complexity of the action;

(ii) the potential merit of the pro se party's claims;

(iii) the demonstrated inability of the pro se party to retain counsel by other means; and

(iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

Local Civil Rule 83.11(b)(3).

A.    Nature and complexity of the action

"[I]f a case will involve conflicting or complex testimony, or difficult legal issues, representation by counsel may be essential." Poindexter v. FBI, 737 F.2d 1173, 1189 (D.C. Cir. 1984).  However, while by their nature discrimination cases are likely to involve some conflicting testimony, a discrimination claim does not automatically require the appointment of counsel. See Robinson-Reeder v. Am. Council on Educ., 626 F. Supp. 2d 11, 16 (D.D.C. 2009) (finding that appointment is not warranted in a discrimination case where it "does not appear to be a case that will involve conflicting or complex testimony, or difficult legal issues [and] the factual issues appear to be uncomplicated and the law in this area is clearly settled") (internal quotation marks omitted).

In this case, Williams contends that he requires the assistance of counsel because of the complexity of the gender

-5-

discrimination claims, the breadth of discovery he alleges that
he will be required to conduct, and the fact that he anticipates
opposition from the government in the form of motions for summary
judgment or refusal to disclose the documents he requests.
(Pl.'s Mot. at 1-2.)  The action appears fairly straightforward,
though, and there is no indication that Williams' case is more
complex than many of the straightforward actions filed in this
court under Title VII, an area where the law is fairly settled.
Moreover, Williams has represented himself fairly ably in
proceedings to date.  Although the plaintiff's pleadings are not
always perfectly clear, he has demonstrated an ability to
communicate with the court and to file appropriate motions.
Indeed, in this case, he prevailed on an opposed motion for
reconsideration of an order granting CSOSA's motion to dismiss.
Williams also has prior experience litigating the issues in this
case from filing a number of whistleblower complaints against
CSOSA in 2002 and 2003.  (Compl. at 3.)  In addition, he appealed
to the MSPB the termination that gives rise to the instant
allegations of discrimination, suggesting that he now possesses a
familiarity with the evidence and legal issues attendant to his
claim.  On the basis of these facts, Williams appears prepared to
be an effective advocate on his own behalf, and that appointment
of counsel from our not unlimited pool of pro bono volunteers is
not necessary for adequate representation.  See Jennings v.
Sallie Mae, Inc., 358 F. A'ppx 719, 721 (7th Cir. 2009) (finding

no abuse of discretion where district court denied motion for the appointment of counsel where the plaintiff in a Title VII case was "literate, ha[d] filed lawsuits in the past, ha[d] personal knowledge of the facts relevant to her claims, amended her complaint in accordance with the district court's directions, and submitted documents in support of her claims.")

    B.   <u>Potential merit of the claims</u>

    The present record further does not reflect the level of merit in plaintiff's claims that would warrant appointment of counsel.  <u>See</u> <u>Poindexter</u>, 737 F.2d at 1187 (holding that courts can deny a plaintiff's motion to appoint counsel if the plaintiff's case lacks apparent merit).  Although the plaintiff's complaint has survived a motion to dismiss, the defendant moved for dismissal on the ground that the complaint was not timely, not on any substantive grounds.  Some indication of the potential merit of Williams' claims may be gleaned from the Merit Systems Protection Board's lengthy decision on Williams' appeal of his termination.  (<u>See</u> Compl., Ex. 1, Merit Systems Protection Board Initial Decision.)

    The MSPB decision analyzed Williams' various theories of discrimination and found that Williams had not set forth adequate supporting evidence.  With regard to his claim of disparate treatment in comparison to that of female employees, the Board noted that Williams had conceded that none of the alleged "comparable employees" had engaged in conduct similar to

-7-

Williams' so as to serve as an appropriate comparison.  (Id. at
44.)  The Board further found that Williams provided insufficient
evidence that his male gender motivated his supervisors to
stereotype him.  (Id. at 45.)  In particular, the Board noted
that Williams' relationship with one supervisor "started out
well" as a mentoring relationship but "deteriorated" as the
supervisor perceived that Williams' performance was deficient.
(Id.)  Finally, the Board found that Williams' retaliation claim
was not supported because it was "clear" that Williams'
supervisor "had problems with [Williams'] performance" before
Williams filed a grievance regarding his treatment by the agency.
(Id. at 47.)  The Board's decision is not dispositive of the
instant action and Williams' complaint alleges additional grounds
for finding unlawful discrimination and retaliation that do not
appear to have been raised before or addressed by the Board.
Nonetheless, the Board's decision represents the considered
judgment of a neutral arbiter that the discrimination and
retaliation claims that were presented lacked an adequate basis
in evidence.  The Board, moreover, did not express that the
evidence was in equipoise or otherwise difficult to weigh.
Although it is not dispositive, the prior administrative decision
thus casts some doubt on the strength of Williams' present
claims.

-8-

C.   <u>Demonstrated inability to retain counsel by other means</u>

Courts may decline to appoint counsel if the plaintiff has not made a "reasonably diligent effort" to obtain counsel on his own.  <u>Poindexter</u>, 737 F.2d at 1188 (quoting <u>Bradshaw v. Zoological Soc'y of San Diego</u>, 662 F.2d 1301, 1319 (9th Cir. 1981)).  In order to demonstrate reasonable diligence, "the plaintiff need not 'exhaust the legal directory before a court could appoint him an attorney.'"  <u>Poindexter</u>, 737 F.2d at 1188 (quoting <u>Caston v. Sears, Roebuck & Co.</u>, 556 F.2d 1305, 1309 (5th Cir. 1977)).  Williams' filing suggests that he approached one law firm to represent him.  (Pl.'s Reply at 1.)  While Williams' efforts need not have been exhaustive, one approach to one firm falls short of demonstrating an inability to secure counsel on his own.

D.   <u>Interests of justice</u>

The present action is not complicated and Williams has shown over the course of the proceedings that he is capable of adequately representing himself.  At this juncture, the merits of Williams' claims are uncertain and Williams has not shown ample diligence in finding counsel on his own.  Williams' pro se status has not placed him at a gravely unfair disadvantage, and no novel legal issues loom thus far about which the court could benefit from the assistance of appointed counsel.  Although Williams qualifies for indigent status, the interests of justice do not warrant appointment of counsel at this time.

-9-

<u>CONCLUSION AND ORDER</u>

Although Williams qualifies to proceed *in forma pauperis*, he has not demonstrated that appointing counsel is warranted. Accordingly, it is hereby

ORDERED that the plaintiff's motion [33] to appoint counsel be, and hereby is, DENIED.  It is further

ORDERED that the plaintiff's motion [36] for leave to proceed *in forma pauperis* be, and hereby is, GRANTED.

SIGNED this 23rd day of July, 2012.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge