UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
**LINWOOD A. WILLIAMS, JR.,**   )
                                )
      **Plaintiff,**          )
                                )
      v.                      )   Civil Action No. 08-1538 (RWR)
                                )
**COURT SERVICES AND OFFENDER** )
**SUPERVISION AGENCY FOR D.C.,**)
<u>et al.</u>,                        )
                                )
      **Defendants.**         )
_____)

<u>**MEMORANDUM OPINION AND ORDER**</u>

    Pro se plaintiff Linwood A. Williams, Jr. sues the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA") and three agency officials alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>  Williams renews his motion for appointment of counsel and moves for sanctions against CSOSA.  Williams' motions will be denied because Williams has not demonstrated that appointing counsel or imposing sanctions are warranted.

<u>BACKGROUND</u>

    The background of this case is set out fully in <u>Williams v. Court Services and Offender Supervision Agency for D.C.</u>, 772 F. Supp. 2d 186 (D.D.C. 2011), <u>vacated on reconsideration</u>, 840 F. Supp. 2d 192 (D.D.C. 2012).  Briefly, Williams served as a

-2-

Supervisory Community Supervision Officer at CSOSA and alleges that the agency retaliated against him and ultimately terminated him in response to complaints that Williams filed against the agency. Williams appealed his termination to the Merit Systems Protection Board ("MSPB"), and an MSPB administrative judge affirmed the agency action and denied Williams' petition to reconsider. Williams filed this action and moved for in forma pauperis ("IFP") status and for appointment of counsel. A July 23, 2012 memorandum opinion and order granted Williams' motion for IFP status, but denied Williams' motion for appointment of counsel. Williams renews his motion for appointment of counsel and moves for sanctions against CSOSA.

### DISCUSSION

I.   APPOINTMENT OF COUNSEL

Courts have discretion to appoint counsel to represent an indigent pro se party. 28 U.S.C. § 1915(e)(1); see also 42 U.S.C. § 2000e-5(f)(1) (providing that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney"). The following factors guide the exercise of courts' discretion:

-3-

>  (i) the nature and complexity of the action;
>  (ii) the potential merit of the pro se party's claims;
>  (iii) the demonstrated inability of the pro se party to retain counsel by other means; and
>  (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

LCvR 83.11(b)(3).

Williams' first motion for appointment of counsel was denied because the action "appears fairly straightforward," the MSPB's decision "casts some doubt on the strength of Williams' present claims[,]" Williams had approached only one firm to attempt to obtain counsel, "no novel legal issues" loomed then about which the court could benefit from appointing counsel for Williams, and Williams "appear[ed] prepared to be an effective advocate on his own behalf[.]" Williams v. Court Servs. and Offender Supervision Agency for D.C., 878 F. Supp. 2d 263, 267-68 (D.D.C. 2012). Williams' renewed motion for appointment of counsel asserts only that one of the four factors has changed since that decision: Williams' inability to retain counsel by other means.  Williams has not shown that any of the other factors have changed.  It appears now as it appeared before that "Williams' pro se status has not placed him at a gravely unfair disadvantage," id. at 268, and his new efforts to retain counsel do not tip the balance in favor of appointment of counsel.  Because the interests of justice still do not warrant granting the motion, the motion will be denied.

II.  SANCTIONS

Williams also moves for sanctions against CSOSA for delaying the litigation, failing to respond to discovery requests and failing to preserve documents regarding Williams' complaint of unlawful employment practices.  However, Williams' complaints about delay and CSOSA's failure to respond to discovery requests are not substantiated by the record.  Williams alleges without support that the defendants stonewall and defy the court's directions regarding discovery.  Actually, it appeared during the February 20, 2013 status conference that Williams' own delay in producing documents has been a serious hindrance to concluding discovery in this matter.  Williams has not shown that sanctions are warranted by any delays or failures to respond by the defendants.[1]

Williams argues that CSOSA failed to preserve documents in Williams' former supervisors' files and in the records of Williams' grievances filed at the agency, violating CSOSA's duty to preserve documents that arose during the MSPB proceedings.  Pl.'s Opp'n to Def.'s Mot. for Protective Order and Mot. for Fin. Sanctions at 4-6.  Williams states that he has been "prejudiced

---

[1] All of Williams' pending discovery requests have been resolved by Magistrate Judge Kay's March 25, 2013 memorandum opinion and order which denied the majority of Williams' requests because CSOSA had adequately responded to his requests and Williams' requests were overly burdensome and lacked relevance to his claims.

-5-

by [CSOSA'S] failure to preserve responsive documents and is entitled to an adverse inference." Id. at 2. Williams asks that CSOSA be sanctioned $50,000.00 in addition to $500.00 each week until the defendants have satisfied discovery. Id. at 7.

"A party has a duty to preserve potentially relevant evidence . . . once [that party] anticipates litigation." Zhi Chen v. District of Columbia, 839 F. Supp. 2d 7, 12 (D.D.C. 2011) (internal quotation marks omitted). "A sanction for failure to preserve evidence is appropriate only when a party has consciously disregarded its obligation to do so." Shepherd v. Am. Broad. Cos., Inc., 62 F.3d 1469, 1481 (D.C. Cir. 1995). There are two types of sanctions: punitive or penal sanctions, such as fines, and issue-related sanctions, such as an adverse inference instruction. Clarke v. Wash. Metro. Area Transit Auth., Civil Action No. 10-1083 (RC), 2012 WL 5505242, at *7 (D.D.C. 2012) (citing Shepherd, 62 F.3d at 1478).

> The party seeking sanctions bears an evidentiary burden that is calibrated to ensure that the gravity of the sanction corresponds to the conduct. . . . [A] party seeking an issue-related sanction need only put forth a preponderance of the evidence, but a party seeking a penal sanction must put forth clear and convincing evidence before sanctions are warranted.

Id. (internal citation and quotation marks omitted) (citing Shepherd, 62 F.3d at 1477-79).

Here, Williams' unsupported claim that CSOSA failed to preserve documents is insufficient to carry any burden to show

-6-

that punitive or issue-related sanctions are appropriate. Williams has not put forward any evidence that CSOSA destroyed or failed to preserve any records.  Thus, sanctions will not be imposed on CSOSA and Williams' motion will be denied.

## CONCLUSION AND ORDER

Williams has not demonstrated that appointing counsel or imposing sanctions on CSOSA is warranted.  Accordingly, it is hereby

ORDERED that the plaintiff's renewed motion [71] to appoint counsel be, and hereby is, DENIED.  It is further

ORDERED that the plaintiff's motion [73] for sanctions be, and hereby is, DENIED.

SIGNED this 8th day of April, 2013.

                                                    /s/
                                    RICHARD W. ROBERTS
                                  United States District Judge