UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINWOOD A. WILLIAMS, JR.,       )<br>         Plaintiff,                                    )<br>   v.                                                   )<br>COURT SERVICES AND OFFENDER  )<br>SUPERVISION AGENCY FOR D.C.,   )<br>         Defendant.                                 ) | Civil Action No. 08-1538 (RCL) (AK) |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
### MOTION FOR PROTECTIVE ORDER AND TO QUASH OR MODIFY SUBPOENAS

Defendant, on its own behalf and on behalf of Paul A. Quander, Jr., and Arthur A. Elkins, Jr., in their capacities as former CSOSA officials, respectfully files this notice of supplemental authority in support of the motion for protective relief and to quash or modify the subpoenas directed to these high-level government officials.

The United States Court of Appeals for the Federal Circuit recently granted mandamus relief to require a trial court to issue protective relief in order to preclude the deposition of a high-level government official, Federal Reserve Chairman Ben Bernanke. *In re United States*, No. 13-163, 2013 U.S. App. LEXIS 20925 (Fed. Cir. Oct. 16, 2013) (attached as Ex. A hereto). In doing so, the Federal Circuit relied upon *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) (cited at Mot. at 9, 10, 14 (ECF No. 97), & Reply at 6 (ECF No. 100)), as well as numerous other similar federal appellate decisions in which mandamus relief has been granted so as to preclude the depositions of government officials. *See id.* at *7.

The Court of Appeals ruled that the trial court had erred in permitting the deposition to go forward, even though in that case – and unlike here (*see* Mot. at 16-18, Reply at 5-6, & Notice of Filing of Supp. Exh. to Reply at 1 (ECF No. 101)) – the would-be deponent possessed relevant information. *See id.* at *8. The Federal Circuit based its ruling on plaintiffs' failure to make the required showing of extraordinary circumstances. *Id.* at *13-14. The court recognized that, as in

the instant case, it is inappropriate to permit the deposition of high-level government officials where a plaintiff's "efforts to inquire into these issues have all the appearance, and the vices, of a fishing expedition rather than an effort to establish legally material facts." *Id.* at *14. The court further noted that the rule against permitting the deposition of high-level government officials "hardly becomes inapplicable upon an official's departure from his office." *Id.* In all events, although neither above-named subpoenaed deponent in the instant case still works at CSOSA, each remains a high-level government official in another agency.

Dated: October 22, 2013                    Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney for the District of Columbia
D.C. Bar # 447889

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar # 924092

    /s/
PETER C. PFAFFENROTH
Assistant United States Attorney
D.C. Bar # 496637
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 252-2513
Email: peter.pfaffenroth@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of October 2013, I caused a true and correct copy of the foregoing to be served upon plaintiff by first-class United States mail, postage prepaid, at the following address:

>Linwood A. Williams
>11249 Somerset Ave.
>Beltsville, MD  20705

>/s/ Peter C. Pfaffenroth
>PETER C. PFAFFENROTH